**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHERRY BROWN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **KIMON THERMOS, TODD BLACHE, RAYMOND JOSEPH LOHIER, JR., TAMMI M. HELLWIG, TANYA FAYE, CRAIG SCHATZMAN, EDGARDO RAMOS, TERESA L. RILEY, KASH PATEL, DAKOTA RAMSEUR, ROWAN WILSON, VANESSA FANG, BRIAN GOTLIEB, HECTOR LASSALE, JOHN P. BURNS, DAVID VENTULLA, ERIC KOMITEE, CARMEN PACHECO, DIANNE RENWICK, JOSEPH NOCELLA, JR., GINA ABADI, KAM YUEN, WHITNEY CLARK, JOY CAMPANELLI, DARRELL M. JOSEPH, CAROL CRAWFORD, JOSEPH EDLOW, MARGO BRODIE, DAWN HILL-KEARSE, SUSANNA MOLINA ROJAS, GENINE EDWARDS, JOHN SIEMIETKOWSKI, MARKWAYNE MULLIN, LAURA TAYLOR SWAIN, WAVNY TOUSSAINT, ROBERT H. TEMBECKJIAN, VANESSA FANG, SUZANNE ADAMS, and ANDREA STEWART-COUSINS,** <br><br> **Defendants.** | ) | **Case No. 26-CV-0710-CVE-SH** |

**OPINION AND ORDER**

Before the Court are plaintiff Sherry Brown's pro se complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2).

On November 12, 2026, plaintiff filed a one-page complaint containing two sentences. The complaint states in toto, "Defendants are potential award-winning actors. Defendants need to enhance their skills with the assistance of the Court." Dkt. # 1, at 1. The Court addresses this

complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject-matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. v. Union Gas Sys. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). A plaintiff bears the burden of alleging jurisdictional facts and demonstrating the presence of such jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182-83 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). Accordingly, a court must dismiss any claim that does not fall within its subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). In determining whether a pro se litigant's claim falls within a court's subject-matter jurisdiction, a court must hold a pro se litigants' pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). For example, "[n]ot every fact must be described in specific detail," and a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements" must be excused under this lenient standard. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the leniency afforded to a pro se litigants' allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

Applying a lenient standard, the Court finds that plaintiff's complaint does not allege any basis for federal subject-matter jurisdiction and it therefore cannot permit plaintiff to proceed with

her claims. Plaintiff's complaint does state not a basis for federal question jurisdiction under 28 U.S.C. § 1331. The presence of a federal question is determined by the "well-pleaded complaint rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001). Thus, it is the litigant's burden to identify "the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). As plaintiff has not alleged any facts to show that defendants violated a statutory or constitutional provision, plaintiff has failed to make the requisite showing. Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a). McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). Looking at the envelope containing plaintiff's complaint, plaintiff lists an address in Columbiaville, Michigan. Dkt. # 1, at 2. However, plaintiff fails to identify either her citizenship or the citizenship of defendants; in fact, plaintiff neglects to even identify who defendants are. The Court is left with no basis on which to conclude it has subject-matter jurisdiction and must dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(h)(3).

The Court denies as moot plaintiff's motion for leave to proceed in forma pauperis. The Tenth Circuit has held that proceeding in forma pauperis in a civil proceeding "is a privilege, not a right—fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998); Green v. John Suthers, 208 F.3d 226 (10th Cir. 2000) (unpublished table decision).[1] Moreover, "[t]he

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See FED. R. APP. P. 32.1; 10TH CIR. R. 32.1.

decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court." Cabrera v. Horgas, 173 F.3d 836 (10th Cir. 1999) (unpublished table decision); Burns v. Veterans Admin., 162 F.3d 1172, 1172 (10th Cir. 1998) (unpublished table decision).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **denied as moot**.

**DATED** this 13th day of November, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE